IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO SAENZ DOMINGUEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | No. 4:12-cv-00260-SWW |
| vs. | * | (No. 4:10-cr-00188-07-SWW) |
| | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent. | * | |

OPINION AND ORDER

On November 2, 2010, the Grand Jury sitting in the Eastern District of Arkansas returned a Second Superseding Indictment charging petitioner Luis Alberto Saenz Dominguez with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and 846, and five counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On April 15, 2011, Dominguez pled guilty to the offense of conspiracy to distribute methamphetamine pursuant to a plea agreement. On September 6, 2011, the Court sentenced Dominguez to a term of imprisonment of 70 months followed by five years supervised release. Dominguez did not file an appeal.

Now before the Court is Dominguez's's *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [doc.#416] primarily on the grounds that he was denied effective assistance of counsel and alternatively alleging that he should receive the benefit of a new Department of Justice "Fast Track" Program. The government has responded in opposition to

Dominguez's motion, and Dominguez has filed a reply to the government's response. The Court has considered the matter and finds that Dominguez's § 2255 motion should be and hereby is denied.[1]

I.

Dominguez argues: (1) counsel provided ineffective assistance by not arguing at the time of sentencing for a 2 point reduction in base offense level under the United States Sentencing Guidelines (U.S.S.G.)§ 5k2.0; (2) the condition of release that prohibits illegal re-entry during the term of supervised release under 18 U.S.C. § 3583(d), is unconstitutional; and (3) he should receive the benefit of this District's "Fast Track" Program.

II.

The Court has carefully considered the matter and finds that Dominguez failed to identify any acts or omissions of his counsel that were outside the wide range of professionally competent assistance, failed to provide any evidence that he did not understand the consequences of his plea, and failed to qualify for the Fast Track program. The Court will address Dominguez's claims in turn.

A.

Dominguez argues that his counsel provided ineffective assistance by not arguing at the time of sentencing for a 2 point reduction in base offense level under U.S.S.G. § 5k2.0. "A

---

[1] Because the record conclusively shows that Dominguez is not entitled to relief, the Court decides this motion without conducting an evidentiary hearing. See *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

defendant who claims that he received ineffective assistance of trial counsel has the burden to show: (1) counsel's performance was deficient–*i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'–and (2) the defendant suffered prejudice–*i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v. United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)). In the context of a guilty plea, Dominguez needs to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed.Appx. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Dominguez also needs to overcome the "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

As it relates to his first claim, Dominguez has failed to meet the deficiency prong of the *Strickland* test. Dominguez bases his argument on his counsel's failure to negotiate a beneficial plea agreement and request a reduction in sentence based on his willingness to agree to a Stipulated Judicial Order of Removal. This argument, however, is without merit as Dominguez received a beneficial plea agreement. Dominguez's plea agreement states:

> Neither party shall seek any enhancements or reductions in sentence under U.S.S.G. sections 3B or 5K other than those specifically set out in this agreement and its addendum.

(Plea Agreement p. 4).

"Plea agreements are contractual in nature, and should be interpreted according to general contract principles." *Purdom v. United States*, Crim. Action No. 06-00281-02, 2008 WL 2115348 *3 (E.D.Ark. May 19, 2008) (citing *United States v. Dewitt*, 366 F.3d 667, 669 (8th Cir. 2004)). Where a defense attorney adheres to the terms of the plea agreement that expressly prevent him from seeking a departure under a Guideline section, the attorney cannot be ineffective. See *Love v. United States*, Crim. Action No. 05-703, 2005 WL 2621542, at *1 (E.D.Mo. Oct. 14, 2005); see also *United States v. Adviento*, No. 07-397, 2009 WL 1740589, at *2 (D.Neb. June 16, 2009) (explaining the defendant met neither prong of *Strickland* where the defendant knowingly and voluntarily entered into his plea agreement that included a waiver of his right to file a motion for downward departure or request a variance).

The plea agreement prohibited the government from seeking any enhancements U.S.S.G. §§ 3b and 5k. Likewise, Dominguez's attorney was specifically prohibited from seeking the 2 point reduction under U.S.S.G. § 5k2.0(d)(4). Dominguez's counsel cannot be found deficient for failing to argue for the reduction because this conduct easily falls within the wide range of reasonable professional assistance.

Further, Dominguez failed to establish any specific examples of counsel's alleged ineffectiveness and relies only on bare allegations to support his argument. Without any actual support for his claim, Petitioner's claims of ineffective assistance of counsel are without merit.

B.

Dominguez also argues that the condition of release that prohibits illegal re-entry during the term of supervised release under 18 U.S.C. § 3583(d), is unconstitutional. The Court does not address the constitutionality of the supervised release issue because this claim should have

been raised on direct appeal and cannot be collaterally attacked through a § 2255 proceeding. See *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (explaining that failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a § 2255 motion). Dominguez further raises no claim of ineffective assistance of counsel relating to the supervised release issue.

C.

In his reply to the government's response, Dominguez argues that he should receive the benefit of this District's Fast Track Program. The court in *United States v. Alvarez-Quiroz*, Criminal No. 06-310(3), 2012 WL 2003501, at *1-2 (D. Minn. June 5, 2012), set forth a brief history of fast track programs as follows:

> Fast track programs have been used in federal district courts since as early as 1994. *United States v. Jimenez–Perez,* 659 F.3d 704, 706 (8th Cir.2011) (citations omitted). Beginning in the southwestern United States, these programs were created by United States Attorneys to help manage a swelling immigration docket. *Id.* At the time, prosecutors offered to recommend more lenient sentences in exchange for preindictment guilty pleas and surrendering certain appellate rights. *United States v. ReyesHernandez,* 624 F.3d 405, 409–10 (7th Cir.2010). In 2003, Congress adopted the practice through the passage of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"). Pub.L. No. 108–21, 117 Stat. 650 (2003). Congress approved limited sentence reductions for offenses "whose high incidence within the district has imposed an extraordinary strain on the resources of that district as compared to other districts." H.R.Rep. No. 108–48, at 7 (2003). Further, the PROTECT Act directed the Sentencing Commission to develop a scheme for authorizing downward sentencing departures if the Government files a motion pursuant to a fast track program authorized by the Attorney General and the United States Attorney for a particular district. *Reyes–Hernandez,* 624 F.3d at 410 (citing *United States v. Martinez–Martinez,* 442 F.3d 539, 542 (7th Cir.2006)).
> In response, the Sentencing Commission promulgated U.S.S.G. § 5K3.1, which reads: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." Subsequently, concern arose regarding

inconsistent sentence lengths between districts which had fast track programs and those that did not. See U.S. Sentencing Commission, *Report to the Congress: Downward Departures from the Federal Sentencing Guidelines,* 65–67 (Oct.2003) (noting the implementation of fast track sentence reductions might lead to an undesirable sentencing disparity among federal districts), *available at* http://www.ussc .gov/Legislative—and—Public—Affairs/Congressional—Testi mony—and—Reports/Departures/200310—RtC—Downward—Departure s/departrpt03.pdf.

    In 2003, then-Attorney General John Ashcroft issued a memorandum establishing the criteria to be considered by United States Attorneys' Offices deciding to implement fast track programs. *Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's Charging and Plea Policies,* 16 Fed. Sent. Rep. 129 (2003). The response was prolific, with twenty districts establishing fast track programs by early 2008. *Reyes–Hernandez,* 624 F.3d at 412. However, the existence of these programs created "concern that defendants [were] being treated differently depending on where [geographically] in the Untied States they [were] charged and sentenced." Cole Memorandum at 2. This concern ultimately lead to the recent Cole Memorandum, requiring districts that prosecute illegal reentry cases to implement fast track programs in accordance with explicit criteria. *Id.* at 3–4.

Effective March 1, 2012, the United States Attorney's Office for the Eastern District of Arkansas began implementing a fast track program.

Dominguez argues that the government and his counsel should have requested the court perform an "individualized assessment" of his eligibility for the Fast Track program to result in a sentence reduction. Dominguez's argument fails because the Fast Track program applies only to defendants who have pleaded guilty to a felony illegal re-entry charge. *Alvarez-Quirioz*, 2012 WL 2003501, at *2. As previously noted, Dominguez pleaded guilty to conspiracy to distribute methamphetamine. "A sentence reduction pursuant to fast track programs is not available for convictions in drug cases." *Id.* Moreover, the Fast Track program is not retroactive, *id.*, 2012 WL 2003501, at *3 (citation omitted), and Dominguez was sentenced on September 6, 2011, nearly five months before the Cole Memorandum issued on January 31, 2012. See *United States v. Uribe*, Crim. Action No. 05-30005-01, 2012 WL 2119912, at *1 (W.D.La. June 08, 2012).

Accordingly, Dominguez does not qualify for the Fast Track program.

III.

For the foregoing reasons, the Court finds that petitioner Luis Alberto Saenz Dominguez's claims are without merit and that his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [doc.#416] should be and it hereby is denied.

IT IS SO ORDERED this 1st day of August 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE