IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10-cr-00188-1-SWW |
| | * | (No. 4:13-cv-00651-SWW) |
| | * | |
| MARCELINO AHUMADA VARGAS | * | |
| aka "Shorty," | * | |
| | * | |
| Defendant. | * | |

## OPINION AND ORDER

Marcelino Ahumada Vargas aka "Shorty" pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846 (Count 1 of the Second Superseding Indictment), possession with intent to distribute less than 50 grams of methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 8 of the Second Superseding Indictment), and illegal reentry into the United States subsequent to deportation for an aggravated felony under 8 U.S.C. § 1326(a) and (b)(2) (Count 10 of the Second Superseding Indictment). At sentencing, the Court applied a three-level enhancement to Vargas's offense level pursuant to § 3B1.1(b) of the U.S. Sentencing Guidelines for being a manager or supervisor in the conspiracy and sentenced Vargas to 188 concurrent months imprisonment and five years supervised release. Vargas appealed, arguing there was insufficient evidence to support the enhancement. On December 14, 2012, the Court of Appeals for the Eighth Circuit affirmed the Court's sentence. See *United States v. Vargas*, 494 Fed.Appx. 719 (8th Cir.

2012) (per curiam).

Now before the Court is Vargas's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [doc.#432]. The government has responded in opposition to Vargas's motion. For the reasons that follow, the Court denies Vargas's § 2255 motion to vacate, set aside, or correct sentence.[1]

In his § 2255 motion, which was filed on November 13, 2013, Vargas argues that the application of "judge found facts" to the Guideline enhancement was a constitutional violation under the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013), and that his defense counsel provided ineffective assistance by failing "to object to dramatically increasing his punishment based upon judge found facts, that were not included in his indictment or plea agreement."[2] The Court rejects these arguments.

The Court first notes that Vargas's reliance on *Alleyne* is misplaced as *Alleyne* did not announce a new rule of constitutional law that as been made retroactive to cases on collateral review by the Supreme Court. See, *e.g., United States v. Redd*, 735 F.3d 88 (2nd

---

[1] Because the record conclusively shows that Vargas is not entitled to relief, the Court decides this motion without conducting an evidentiary hearing. See *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

[2] In *Alleyne*, the Supreme Court held that the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory sentence. 570 U.S. at —, 133 S.Ct. at 2162-63.

Cir. 2013) (per curiam); *United States v. Stewart*, — Fed.Appx. —, 2013 WL 5397401 (4th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013). Accordingly, Vargas is not entitled to relief under *Alleyne*.

Moreover, Vargas's claim that he was not given notice or the opportunity to defend against the sentencing enhancement is without merit. Count 1 of the Second Superseding Indictment set forth the amount of methamphetamine at issue, more than 500 grams, thus putting Vargas on notice of the statutory penalty to which he was subject, Count 8 of the Second Superseding Indictment likewise set forth the amount of methamphetamine at issue, less than 50 grams, thus putting Vargas on notice of the statutory penalty to which he was subject, and Count 10 of the Second Superseding Indictment sufficiently set forth Vargas's prior felony and illegal reentry, thus putting him on notice of the statutory penalty to which he was subject.[3] In working within the parameters of the statutory penalties to which Vargas was subject, it was permissible for the Court to use the sentencing enhancement it found supported by the evidence, which had no bearing on those statutory penalties, to determine an advisory Sentencing Guideline range. See *Alleyne*, 570 U.S. at —, 133 S.Ct. at 2155, 2163 (in determining

---

[3] The statutory imprisonment penalty for Count 1 was not less than 10 years and not more than life imprisonment, the statutory imprisonment penalty for Count 8 was not more than 20 years imprisonment, and the statutory imprisonment penalty for Count 10 was not more than 20 years imprisonment. There was no plea agreement and no stipulation to the quantity of methamphetamine although at sentencing Vargas did not dispute the amount of methamphetamine that was involved.

3

that "[a]ny fact that, by law, increases the penalty for a crime" must be found by a jury, Supreme Court specifically noted that *Alleyne* "does not mean that any fact that influences judicial discretion must be found by a jury"–judges have broad discretion to select a sentence within the range authorized by law).

Based on the foregoing, the Court finds that Vargas fails to identify any acts or omissions of his counsel that were outside the wide range of professionally competent assistance. In this respect, "[a] defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient–*i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'–and that the defendant suffered prejudice–*i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v. United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)).

Here, as noted by the government, "[b]ecause [Vargas's] underlying claims have no merit, his counsel cannot have been deficient for failing to raise any objection to the application of the Judge found facts to the calculation of the Sentencing Guideline range or to the Court's imposition of sentence within the range prescribed by statute." Accordingly, Vargas's claim of ineffective assistance of counsel is without merit.

IT IS THEREFORE ORDERED that Marcelino Ahumada Vargas's *pro se* motion

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [doc.#432] be and it hereby is denied.

Dated this 30th day of December 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE